PER CURIAM:
Claimant brought this action for vehicle damage which occurred as a result of his 2002 Ford Taurus striking rocks when claimant’s wife, Diane Loughrie, was traveling westbound on Route 27 near Wellsburg, Brooke County. Route 27 is a road maintained by respondent in Brooke County. The Court is of the opinion to deny this claim for the reasons more fully set forth below.
The incident giving rise to this claim occurred during the afternoon on March 15,2005, a clear and dry day. Route 27 is a two-lane road that is marked at the location of claimant’s accident as a “falling rock” area with a speed limit of forty-five miles per hour. Mrs. Loughrie was driving her vehicle through a curve when she noticed a large rock in the middle of her lane of travel. She stated that she could not avoid the rock due to the traffic on the road. Mrs. Loughrie testified that the rock was approximately one and one half feet wide and between twelve and eighteen inches high. She further stated that she had seen rocks in the road in the area of this accident prior to the date of her accident. Claimant’s vehicle struck the rock and sustained damage to the transmission and catalytic converter totaling $303.89.
The position of the respondent was that it did not have notice of the rocks on Route 27. Respondent admitted that the area in question is a rock fall area and stated that there are “rock fall” signs located at various locations along Route 27 to warn drivers proceeding on the roadway. Sheldon Beauty, County Maintenance Supervisor for respondent in Brooke County, testified that this is an area that has rock falls occasionally and that there are rock fall signs placed along the highway. Respondent maintains that there was no prior notice of any rocks on Route 27 immediately prior to the incident in question.
It is a well-established principle that the State is neither an insurer nor a guarantor of the safety of motorists upon its highways. Adkins vs. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). To hold respondent liable, claimant must establish by a preponderance of the evidence that respondent had actual or constructive notice of the road defect at issue and a reasonable amount of time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986); Pritt vs. Dept. of Highways, 16 Ct. Cl. 8 (1985). In rock fall claims, tins Court has held that the unexplained falling of a rock onto a highway without a positive showing that respondent knew or should have known of a dangerous condition posing injury to person or property is insufficient to justify an award. Coburn vs. Dept. of Highways, 16 Ct. Cl. 68 (1985).
In the present claim, claimant has not established that respondent failed to take adequate measures to protect the safety of the traveling public on Route 27 in Brooke County. Respondent has placed “falling rock” warning signs to warn the traveling public of the potential for rock falls at this location. While the Court is sympathetic to claimant’s plight, the fact remains that there is no evidence of negligence on the part of respondent upon which to base an award.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does deny this claim.
Claim disallowed.